Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street Suite 200
San Diego, CA 92037
Tel:   949.636.1391

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **Mosaic Brands, Inc.**, a Delaware corporation,<br><br>   Plaintiff,<br><br>v.<br><br>**The Ridge Wallet LLC**, a California company,<br><br>   Defendant. | Case No. 2:20-cv-04556-AB-JC<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**<br><br>Discovery Cutoff:  April 2, 2021<br>Pretrial Conference:  August 6, 2021<br>Trial Date:  August 24, 2021<br><br>Hearing Date:  January 5, 2021<br>Time:  9:30 a.m.<br>Ctrm: 750 (Roybal, 7th Floor)<br><br>Honorable Jacqueline Chooljian |

Pursuant to L.R. (C.D. Cal.) 37-2.3, Plaintiff Mosaic Brands, Inc. ("Storus") submits as follows its Supplemental Memorandum in opposition to the Motion to Compel of Defendant Ridge Wallet LLC ("Ridge"). *See* ECF No. 77.  In the parties' Local Rule 37-2 Stipulation (*see* ECF 77-1), Ridge presents numerous incorrect and misleading facts and arguments, requiring appropriate rebuttal.

## I. Requests For Production of Documents

In the parties' Rule 37-2 Stipulation, Ridge raises an issue with the number of documents Storus has produced so far in the litigation. This is despite the fact that Storus has produced all responsive documents under its possession, custody, or control for all of the Requests for Production at issue. Storus is continuing its diligent and thorough search to locate any additional responsive documents, and has made this abundantly clear to Ridge throughout the discovery process. As such, Ridge's motion is an exercise wasteful of the parties' and this Court's limited resources. *See, e.g., American Moisture Control v. Ocean Reef Villas Assn*, No. 07-925, at *2 (M.D. Fla. Feb. 11, 2008) ("[T]he Motion to Compel was a waste of judicial resources, particularly here, where Dynamic . . . is 'having difficulty' locating responsive documents.").

As stated in the Rule 37-2 Stipulation, Storus is a small, two-person company with limited resources to allocate towards all of its functions, including discovery. Storus' situation has not been made easier with the COVID-19 crisis and the ongoing lockdowns in the State of California. As such, when Storus is not filling orders or developing new products, it is diligently searching for any additional responsive documents, many of which only exist as physical, paper documents within old file boxes. "A responding party is not generally required to conduct extensive research . . . , but must make a reasonable effort to respond." *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013). Here, Storus has been, and continues to make all reasonable efforts to respond to Ridge's additional discovery requests.

Furthermore, the evidentiary sanctions requested by Ridge under Rule 37(b)(2)(A) are unwarranted at this stage of the proceedings. Courts should consider evidentiary sanctions only after a failure to comply with discovery orders. *See Lanier v. San Joaquin Valley Officials Assoc.*, No. 14-01938, at *12 (E.D. Cal. Sept. 12, 2016). In *Lanier*, the court issued evidentiary sanctions only after plaintiff

failed to provide responsive information prior to the initial deadlines for discovery. *See id.* at *12-13. Unlike in *Lanier*, where the discovery cutoff had already passed, here three months remain before discovery closes, and over eight months remain before the pre-trial conference. Additionally, Storus has not failed to respond to the requests for production at issue, nor has Storus provided vague responses. Storus has produced all responsive documents in its possession, and has stated the Bates Numbers of those documents. Ridge's motion seeks to punish Storus for being a small company with limited resources, not because of any legitimately sanctionable conduct.

Given Storus' clear compliance with its discovery obligations and its commitment to completing discovery without burdening this Court, Ridge's motion is simply unnecessary and redundant. Again, Storus has made no indication or suggestion that it is resting on any objections or withholding any documents.

**II.   Interrogatories**

Ridge's grievances with Storus' interrogatory responses are similarly unfounded. Storus responded substantively, thoroughly, and as completely as possible to all of Ridge's interrogatories. As stated in the Rule 37-2 stipulation, Storus' responses meet the substance of the information requested, the parties already have briefed extensively the complete basis for Storus' trade dress claim, and Ridge's request for supplementation is a premature contention interrogatory.

### CONCLUSION

For each of the foregoing reasons, Storus respectfully requests that this Court deny Ridge's motion in its entirety.

Respectfully submitted,

Dated:  December 29, 2020     **SML Avvocati P.C.**

By:   /s/ Stephen M. Lobbin
      Attorneys for Plaintiff

## **PROOF OF SERVICE**

I hereby certify that on December 29, 2020, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated:  December 29, 2020                             /s/ Stephen M. Lobbin