UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

**ORDER (1) SUBMITTING AND VACATING HEARING ON DEFENDANT'S MOTION TO COMPEL; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL (DOCKET NO. 77); AND (3) ORDERING PLAINTIFF TO PRODUCE SPECIFIED DISCOVERY/PAY CERTAIN SANCTIONS**

**I.    SUMMARY**

On October 20, 2020, Defendant The Ridge Wallet LLC ("Defendant") filed a Motion to Compel Plaintiff Mosaic Brands, Inc. ("Plaintiff") to Respond to First Sets of Interrogatories and Requests for Production of Documents ("Prior Motion") with accompanying documents, including a Joint Stipulation ("Prior JS") and a declaration of Michael Harris ("Prior Harris Decl.") with exhibits ("Prior Harris Ex."). (Docket No. 60). On October 27, 2020, Plaintiff filed a Supplemental Memorandum in Opposition to the Prior Motion ("P. Prior Supp. Memo). (Docket No. 61). On November 2, 2020, the Court granted the Prior Motion in part and ordered Plaintiff to produce specified discovery by not later than November 17, 2020. (Docket No. 63).

On December 15, 2020, Defendant filed the currently pending Motion to Compel ("Motion to Compel") with accompanying documents, including a Joint Stipulation (alternatively, "JS") and a declaration of Michael Harris ("Current Harris Decl.") with exhibits ("Current Harris Ex."). (Docket No. 77). On December 29, 2020, Plaintiff filed a Supplemental Memorandum in Opposition to Defendant's Motion to Compel ("P. Current Supp. Memo). (Docket No. 80). The Motion to Compel is currently set for hearing before this Court on January 12, 2020 at 9:30 a.m.

The Court finds the Motion to Compel appropriate for resolution without oral argument and vacates the January 12, 2020 hearing date. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons explained below, the Court grants in part and denies in part the Motion to Compel and directs Plaintiff to produce the below-specified discovery and pay the below indicated sanctions by **January 26, 2021**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

**II.   PERTINENT BACKGROUND**

    **A.   Pleadings**

On May 29, 2020, Plaintiff initiated this action by filing the original Complaint for Patent, Copyright and Trade Dress Infringement, alleging that Defendant (1) infringed on its patent – U.S. Patent No. 7,334,616 (the "616 Patent") entitled "Card-Holding and Money Clip Device"; (2) infringed on its copyright in and to its "Storus Smart Money Clip II" product design which was created in about 2011 and first published in 2019 and as to which a copyright application was pending; (3) infringed on its trade dress relative the "Storus Smart Money Clip II" and other products; and (4) employed unlawful and unfair business acts or practices in violation of California Business & Professions Code sections 17200, et seq. (Docket No. 1). Plaintiff later filed a Motion for Preliminary Injunction. (Docket No. 18). On July 13, 2020, the District Judge granted Defendant's Motion to Dismiss the Complaint and, in the absence of an operative complaint, denied the Motion for Preliminary Injunction. (Docket No. 27).

On July 13, 2020, Plaintiff filed a First Amended Complaint for Patent and Trade Dress Infringement, alleging that Defendant (1) infringed on its 616 Patent entitled "Card-Holding and Money Clip Device"; and (2) infringed on its trade dress relative the "Storus Smart Money Clip II" and other products. (Docket No. 28). Plaintiff later filed another Motion for Preliminary Injunction. (Docket No. 29). On September 3, 2020, the District Judge granted Defendant's Motion to Dismiss the First Amended Complaint and, in the absence of an operative complaint, denied the second Motion for Preliminary Injunction. (Docket No. 38).

On September 11, 2020, Plaintiff filed a Second Amended Complaint for Patent and Trade Dress Infringement, alleging that Defendant (1) infringed on its 616 Patent entitled "Card-Holding and Money Clip Device"; and (2) infringed on its trade dress relative the "Storus Smart Money Clip II" and other products. (Docket No. 39). On the same date, Plaintiff filed another Motion for Preliminary Injunction. (Docket No. 40). On October 29, 2020, the District Judge granted in part and denied in part Defendant's Motion to Dismiss the Second Amended Complaint – finding that plaintiff had adequately plead its patent infringement claim, but that plaintiff had not adequately plead its theory that the infringement was willful and induced or that Defendant had infringed on its trade dress. (Docket No. 62). The District Judge dismissed such latter allegations/claim with leave to amend. (Docket No. 62). The District Judge also denied the third Motion for Preliminary Injunction as moot relative to the dismissed trade dress claim and on the merits as to the patent infringement claim, finding that Plaintiff had not demonstrated a likelihood of success on the merits of such claim. (Docket No. 62).

On November 12, 2020, Plaintiff filed a Third Amended Complaint for Patent and Trade Dress Infringement, alleging that Defendant (1) infringed on its 616 Patent entitled "Card-Holding and Money Clip Device"; and (2) infringed on its trade dress relative to Plaintiff's "Smart Money Clip II" product. (Docket No. 66). On January 7, 2021, the District Judge denied Defendant's Motion to Dismiss the Third Amended Complaint. (Docket No. 81).
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

**B.     Discovery**

On August 25, 2020, Plaintiff served Defendant with its initial disclosures which reflect that Plaintiff had "[d]ocuments, information, and things related to Plaintiff's asserted 'Smart Money Clip II' product design, including its distinctiveness as the asserted trade dress, and financial information concerning this product and others of Plaintiff." (Current Harris Decl. ¶ 4; Current Harris Ex. 3). Also on August 25, 2020, Defendant served Plaintiff with Defendant's First Request for Production of Documents ("Document Requests" or "RFP No(s).")), containing RFP Nos. 1-131 and First Interrogatories ("First Interrogatories") containing Interrogatory Nos. 1-8. (Prior Harris Exs. 1, 2). On unspecified dates, Plaintiff served Defendant with additional interrogatories, including Interrogatory No. 11, and Defendant responded thereto. (See Current JS at 17-19; Current Harris Decl. ¶ 3; Current Harris Ex. 2).

On September 22, 2020, the parties submitted a Stipulation for Protective Order and the Court approved and issued a Protective Order on the same date. (Docket Nos. 43, 44).

On September 24, 2020, Plaintiff served Defendant by email with Plaintiff's Responses to the Document Requests and the First Interrogatories. (Prior Harris Exs. 3, 4).

As to the Document Requests, Plaintiff (1) interposed General Objections to all of the Document Requests;[1] (2) interposed individual objections to each of the Document Requests;[2] and (3) represented as to each of the Document Requests that "[s]ubject to and without waiving [its] objections, Plaintiff [would] produce any responsive, non-privileged documents in its possession, custody, or control that are

---

[1] Plaintiff's General Objections (1) objected to each RFP to the extent it (a) failed to comply with the Federal Rules of Civil Procedure and the Local Rules; (b) purported to impose on Plaintiff an obligation to provide information for or on behalf of any person/entity other than Plaintiff and/or purported to seek information that is not within Plaintiff's possession, custody or control; (c) was compound, overbroad, duplicative, burdensome, and/or harassing; and (d) sought confidential, non-public information; (2) objected to the definitions contained in the Document Requests to the extent they made one or more of the RFPs overly broad, unduly burdensome, harassing, and/or unreasonable; and (3) objected to the definition of "MOSAIC" and "PLAINTIFF," "YOU," and "YOUR" as overbroad, unduly burdensome, and [not] reasonably calculated to lead to admissible evidence, noting that Plaintiff was unable to make representations on behalf of "employees, agent, officers, directors, servants, representatives, companies" etc. in their individual capacities, and was unable to search exhaustively for all information possessed by these third parties whom Plaintiff did not have control or authority over, but that its responses were based on a reasonably diligent inquiry within the four corners of Plaintiff's facilities. (Prior Harris Ex. 3 at 1-2).

[2] As to each Document Request, Plaintiff objected because the requests "call[ed] for information subject to the attorney-client privilege and/or work product doctrine" and were "vague, over broad, unduly burdensome and dis-proportional." (Prior Harris Ex. 3 at 2-43).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

located after a reasonable search, which is ongoing presently." (Prior Harris Ex. 3 at 1-43). Plaintiff did not contemporaneously produce any responsive documents. (Prior JS at 2).

As to the First Interrogatories, Plaintiff (1) interposed General Objections to all of the First Interrogatories; (2) interposed individual objections to each of Interrogatory Nos. 1-8; and (3) provided qualified substantive responses to Interrogatory Nos. 1-8 "[s]ubject to and without waiving [its] objections." (Prior Harris Ex. 4 at 1-43).

As Defendant viewed Plaintiff's responses to the Document Requests and the First Interrogatories to be deficient, the parties exchanged correspondence and met and conferred regarding the matter between September 28, 2020 and October 5, 2020. (Prior Harris Exs. 5-7). During the course of such exchanges, Plaintiff represented that it was "not withholding any responsive documents or information pursuant to form objections" and was "in the process of gathering and preparing for production all responsive documents." (Prior Harris Ex. 7). On October 8, 2020, Plaintiff produced 24 pages of documents. (Prior JS at 2).

As noted above, Defendant filed the Prior Motion on October 20, 2020. On November 2, 2020, the Court granted the Prior Motion in part and ordered Plaintiff to produce specified discovery by not later than November 17, 2020. (Docket No. 63). As to the Document Requests, the Court ordered Plaintiff (1) by not later than November 17, 2020, to provide supplemental responses (a) expressly stating as to each Document Request whether or not Plaintiff has possession, custody or control (as defined above) of any documents responsive thereto; (b) identifying any such documents by bates numbers/other assigned numbers in each response; and (c) expressly stating in each response whether any responsive documents have been withheld based upon a privilege objection and if so, identifying/ describing the same on a concurrently produced privilege log; and (2) to the extent Plaintiff had not already done so, to (a) seek documents reasonably available to it from its employees, agents, or others subject to its control that are responsive to the Document Requests; (b) produce all non-attorney-client privileged/work product documents responsive to the Document Requests in its possession, custody or control by not later than November 17, 2020; and (c) produce a privilege log corresponding to all documents responsive to the Document Requests that have been withheld based upon the assertion of attorney-client privilege/work product objections by the same deadline. (Docket No. 63 at 7).[3]

On November 17, 2020, Plaintiff served Defendant with Plaintiff's supplemental responses to the Document Requests and produced certain documents. (Current Harris Decl. ¶¶ 3, 6-8; Current Harris Exs. 1, 5-7). Each supplemental response ends with the following statement: "Plaintiff will supplement if additional responsive documents are found in the future." (Current JS at 1; Harris Ex. 1). As of November 18, 2020, Plaintiff had produced 165 pages of documents. (Current JS at 1). Plaintiff's

---

[3]Although the Court, on November 2, 2020, also issued orders relative to Interrogatory Nos. 1-8, the Court did not/was not then asked to issue any order as to Interrogatory No. 11 – the only interrogatory which is a subject of the current Motion to Compel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

counsel has apparently represented that Plaintiff has produced all documents in its possession, except for some documents in storage in Kentucky and Tennessee which counsel has not seen. (Current JS at 1).

Also on November 17, 2020, Defendant deposed Mia Kaminski, Plaintiff's CEO. (Current Harris Decl. ¶ 5; Current Harris Ex. 4).[4]

On November 30, 2020, Plaintiff served Defendant with supplemental responses to certain interrogatories, including Interrogatory No. 11. (Current Harris Decl. ¶ 3; Current Harris Ex. 2).

Meanwhile, on November 19, 2020, the District Judge set April 2, 2021 as the non-expert discovery cut-off. (Docket No. 69). On December 3, 2020, the District Judge, based on the parties' stipulation, set January 29, 2021 as the deadline to complete all claim construction discovery. (Docket No. 74).

**III.  PERTINENT LAW**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, any party may serve upon any other party written interrogatories within the scope of Rule 26(b). Fed. R. Civ. P. 33(a)(2). Absent a stipulation or order extending time, a party must. within 30 days after being served, respond to interrogatories by answer – furnishing information available to the party – or objection. Fed. R. Civ. P. 33(b). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). A party responding to interrogatories has the option of producing business records where: (1) the answer to the interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the records, and (2) the burden of deriving or ascertaining the answer is substantially the same for either party. Fed. R. Civ. P. 33(d). When a party produces business records, the party must "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Id.

---

[4]Apparently a Rule 30(b)(6) deposition was scheduled to take place on December 17, 2020 (Current JS at 2) but the Court has been provided no information as to whether such deposition went forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

The ground(s) for objecting to an interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4). General or boilerplate objections are improper – especially when a party fails to submit any evidentiary declarations supporting such objections. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b) which are in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a). Documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody or control thereof or the legal right to obtain the property on demand. In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995), cert. dismissed, 517 U.S. 1205 (1996). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery, and based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control. A. Farber and Partners, Inc., 234 F.R.D. at 189 (citations and internal quotation marks omitted).

Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either: (1) state that the inspection will be permitted/production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(A)-(C). If the responding party states that it will produce documents, such production must be completed no later than the time specified in the request or another reasonable time specified in the response. Fed. R. Civ. P. 34(b)(2)(B).

If a party fails timely to object to discovery requests, such a failure generally constitutes a waiver of any objections which a party might have to the requests. See Fed. R. Civ. P. 33(b)(4) (any ground not stated in timely objection to interrogatory waived unless court, for good cause, excuses failure); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted), cert. dismissed, 506 U.S. 948 (1992).

Notwithstanding the foregoing, the Ninth Circuit has rejected a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's time limit. Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont. ("Burlington"), 408 F.3d 1142, 1149 (9th Cir.), cert. denied, 546 U.S. 939 (2005). Instead, using the Rule 34 deadline as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); (2) the timeliness of the objection and accompanying information about the withheld documents (where service within the Rule 34 deadline as a default guideline, is sufficient); (3) the magnitude of the document production; and (4) other particular circumstances of the litigation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

that make responding to discovery unusually easy or unusually hard. Id. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. Id. They should not be applied as a mechanistic determination of whether the information is provided in a particular format. Id.

If a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in the making the motion, including attorney's fees unless the movant filed the motion before attempting in good faith to obtain the disclosure/discovery without court action, the opposing party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(5)(A); Paladin Associates, Inc. v. Montana Power Co, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (party given "opportunity to be heard" within meaning of rule allowing for imposition of discovery sanctions as party received notice of possibility of sanctions when movant filed motion for costs, party allowed to submit responsive brief, and issues were such that evidentiary hearing would not have aided court's decisionmaking process); Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir. 1990) (party need not be given opportunity to respond to sanctions request orally if given full opportunity to respond in writing).

## IV.    DISCUSSION AND ORDERS

First, the relief sought by the Motion to Compel is somewhat of a moving target. The Notice of Motion – which must contain a concise statement of the relief or Court action the movant seeks (see Local Rules 7-4, 37-2) – reflects that Defendant seeks to compel "the production of [all requested] documents and [complete] interrogatory [responses/answers]" and its reasonable attorney fees.[5] (Docket No. 77 at 1-3). However, the Motion to Compel itself seeks far broader relief which seems to expand the more one reads. It initially states that it requests an order (1) requiring Plaintiff to produce all responsive documents immediately; and (2) if Plaintiff fails to produce more than the 165 documents it has already produced, limiting Plaintiff from introducing "new" documents at trial or for a dispositive motion. (Current JS at 1). It later contradictorily states that "[r]ewarding [Plaintiff] now with another chance [to produce responsive documents] is improper" and then again expands the relief sought and argues that the Court should not only limit Plaintiff from relying on documents it has already produced but should also "prevent testimony" about post-2011 sales of Plaintiff's products. (Current JS at 4). Still later it requests additional relief including shifting potential future deposition fees/costs, a finding of a negative evidentiary inference and a preservation order. (Current JS at 19-20). Defendant's Proposed Order which accompanies the Motion to Compel, proposes that the Court order Plaintiff to "produce all requested documents and fully answer interrogatories," "show good cause why it could not produce [any later produced] documents earlier" and pay Defendant's attorneys' fees. (Docket No. 77-11). The Court limits its consideration to the relief sought in the Notice of Motion both because that is what the Court

---

[5]Although Plaintiff refers to interrogatory responses/answers in the plural, only a single Interrogatory – Interrogatory No. 11 – appears to be a subject of the Motion to Compel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

views to be procedurally proper and because it views the more expansive relief sought to more properly be the subject of a motion if Plaintiff actually produces any more documents which were encompassed by the Court's November 2, 2020 Order and thus were required to have been produced by not later than November 17, 2020 and such production materially prejudices Defendant.[6] Accordingly, to the extent the Motion to Compel sought relief beyond that which the Court has indicated it will consider, the Motion to Compel is denied without prejudice.

Second, the inclusion in the supplemental responses of language regarding the provision of supplemental documents does not, in and of itself violate the November 2, 2020 Order and really does no more than state Plaintiff's legal obligation under Fed. R. Civ. P. 26(e)(1)(A). Having said that, such language, when coupled with the omission of language in each request representing that Plaintiff, after a reasonably diligent search, has produced all responsive documents in its possession, custody or control, is more concerning. It is particularly concerning in this case because Plaintiff admittedly has not undertaken a search of its out-of-state records for responsive documents (discussed further below), the number of documents Plaintiff has produced is relatively meager, and its production to date does not include any post-2011 records of sales of one of the primary products in issue (the Smart Money Clip II), among other records that one would normally expect to exist and to be within its possession, custody or control. Accordingly, the Court orders Plaintiff, by not later than **January 26, 2021**, to do the following: (1) conduct a reasonably diligent search for documents in its possession, custody or control – including those which are maintained out-of-state – that are responsive to the Document Requests; (2) serve Defendant with further supplemental responses to each of the Document Requests, with each such response expressly stating that after a reasonably diligent search, Plaintiff has produced all responsive documents in its possession, custody or control; and (3) serve Defendant with a declaration from a knowledgeable person (presumably Mia Kaminski or Scott Kaminski) under penalty of perjury which explains the details of Plaintiff's reasonably diligent search.

Third, the records Plaintiff admittedly maintains in other states are certainly in Plaintiff's possession, custody or control and accordingly, any such documents which are responsive to the Document Requests were required by the November 2, 2020 Order to have been produced by not later than November 17, 2020. Moreover, as the legal authority above indicates, Plaintiff had an affirmative duty to ascertain whether such out-of-state documents were responsive to the Document Requests before it originally responded to the Document Requests in September 2020. Plaintiff has not done so, and points to its small size and manpower issues. (Current JS at 5). Such matters do not excuse Plaintiff's failure over the past several months to undertake a search of such records in its possession, custody or

---

[6]In that event, and to the extent consistent with the District Judge's scheduling orders, the Court would be inclined to entertain a request for relief to ameliorate any such prejudice (*e.g.*, permitting further depositions at Plaintiff's expense, recommending that the District Judge impose an evidentiary sanction of precluding Plaintiff from relying on such late-produced discovery).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

control. The Court accordingly orders Plaintiff to conduct the overdue search of its out-of-state records and to produce any such documents which are responsive to the Document Requests by not later than **January 26, 2020**.

Fourth, the Court grants the Motion to Compel to the extent it seeks a further response to Interrogatory No. 11. Such interrogatory calls for Plaintiff to "[s]tate all facts in support of the creation and ownership of the 'trade dress' asserted in this Lawsuit, including the party or parties who created it, all actions that caused it to exist, and how it came to be in the possession of Plaintiff Mosaic Brands, Inc." (Current JS at 17). Plaintiff initially interposed multiple objections but, subject to and without waiving the same, responded that "Storus has owned the exclusive rights to the asserted trade dress since it created and began using it exclusively. Plaintiff Mosaic Brands, Inc. d/b/a Storus is today the exclusive licensee of the asserted trade dress." (Current Harris Ex. 2 at 3-4). Plaintiff thereafter provided a supplemental response which reflects that "Storus Corporation assigned the trade dress, created via sales in or before 2011-12, to LE Holdings LLC. Plaintiff Mosaic Brands, Inc. d/b/a Storus is the exclusive licensee of the trade dress." (Current JS at 18). Defendant essentially argues that the above-stated response is deficient/incomplete because, on its face, it is legally insufficient to support Plaintiff's trade dress claim. (Current JS at 18). While the response's asserted legal insufficiency to establish a trade dress claim would not, in and of itself, cause the Court to conclude that the response was incomplete, Plaintiff effectively concedes that the response is incomplete by generally cross-referencing its assertedly extensive briefing in opposition to the motions to dismiss on the factual basis for its trade dress claim and assertedly incorporating the same by reference apparently into its response itself. An opposition to a Motion to Compel is not an appropriate vehicle through which to modify an interrogatory response which must be verified. Further, to the extent Plaintiff suggests that it should not be required to provide a complete response to Interrogatory No. 11 because it constitutes a premature "contention interrogatory," the Court disagrees. Contention interrogatories are generally proper, but in some cases are disfavored early in proceedings before substantial discovery has taken place. See In re Ebay Seller Antitrust Litigation, 2008 WL 5212170 *1 (N.D. Cal. 2008) (courts generally disfavor contention interrogatories asked before discovery undertaken; courts tend to deny such interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete); O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 281-82 (C.D. Cal. 1999) (contention interrogatories permissible and acceptable); Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997) (granting motion to compel responses to contention interrogatories prior to completion of discovery; plaintiff may answer interrogatory based on information it has to date and may later amend the answer with leave of court or supplement it, as it has an obligation to do); In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 338 (N.D. Cal. 1985) (expressing skepticism about use of contention interrogatories at early stages of discovery). Here, the action has been pending and discovery has been ongoing for several months – long enough to enable Plaintiff to provide a complete response to Interrogatory No. 11. Indeed, requiring the answer to contention interrogatories is "[c]onsistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint...." In re One Bancorp Securities Litigation, 134 F.R.D. 4, 8 (D. Me. 1991). Accordingly, by not later than **January 26, 2021**, Plaintiff shall provide a supplemental complete response to Interrogatory No. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv–04556-AB-JC | Date | January 8, 2021 |
|---|---|---|---|
| Title | Mosaic Brands, Inc. v. The Ridge Wallet LLC | | |

Fifth, the Motion to Compel is moot and is denied as such to the extent it seeks to compel the production of privileged documents based on waiver due to the failure to produce a privilege log in light of Plaintiff's representation that it has not produced a privileged log because it has no such privileged documents. (JS at 23).

Finally, the Court grants in part and denies the Motion to Compel to the extent it requests that Defendant be awarded its attorneys' fees. The Court finds that the parties have been afforded an adequate opportunity to be heard regarding the sanctions requests in writing and that an evidentiary hearing would not aid the Court's decisionmaking process regarding the imposition of sanctions. As the Court's ruling is mixed and as – notwithstanding Plaintiff's failure to conduct the requisite reasonably diligent search for responsive documents as required – it is not clear that Plaintiff has actually failed to produce any responsive documents in its possession, custody or control, the Court orders Plaintiff and Plaintiff's counsel, jointly and severally to pay Defendant $2000 to reimburse it for some of the fees/costs incurred in connection with the filing of the Motion to Compel by not later than **January 26, 2021**. The Court views the imposition of a greater award of fees/costs to be not justified at this juncture.

IT IS SO ORDERED.