# Exhibit Q

Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street. Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **Mosaic Brands, Inc.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**The Ridge Wallet LLC**, a California company,<br><br>Defendant. | Case No. 2:20-cv-04556-AB-JC<br><br>**DECLARATION OF SCOTT KAMINSKI IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  July 17, 2020<br>Time:  10:00 a.m.<br>Ctrm:  7B<br><br>Honorable André Birotte Jr. |

I, Scott Kaminski, declare and state as follows:

1. I work with Plaintiff Mosaic Brands, Inc. ("MBI"), a division of which is Storus with its e-commerce site <storus.com>. I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would testify competently thereto.

2. For over 20 years, Storus has been selling our Smart Money Clip products, including the "Smart Money Clip II" design, true and correct images of

- 1 -     Case No. 2:20-cv-04556-AB-JC

1  which are attached hereto as Exhibit 1.  Storus was one of the first (if not the first) in the "alternative wallet" market.

3.  I have been developing, designing and inventing products for almost 30 years.  In 1994, I began a quest to reinvent the "money clip," which was first patented in the 1920s.  My original concept (which became the original Smart Money Clip) was to take a single piece of metal and form it into a device that stored both cash (bills) and credit cards.  In 1996, I completed my first design.

4.  In the late 1990s and into the 2000s, I designed numerous wallet and money clip products.  In the late 2000s there became a lot of concern about credit card security in view of various card "scanning" technologies.  I spoke with engineers who told me these concerns were unfounded, but the consumer market continued to be interested in "RFID resistance" which led me to use metal plates in new designs as a "Faraday Cage" to prevents radio waves from leaving or entering the card chamber.

5.  Attached hereto as Exhibit 2 is a true and correct copy of the patent-in-suit, U.S. Patent No. 7,334,616 ("the '616 patent") entitled "Card-Holding and Money Clip Device."  The '616 patent issued on February 26, 2008, and MBI is the exclusive licensee authorized to sell the patented designs.

6.  All the way back in 1998, I filed a patent application for the original Smart Money Clip design.  In the years that followed, Storus sold several million units including via Storus.com, QVC, Amazon, catalogs, retailers and distributors.  The first on my designs—U.S. Patent No. 6,082,422—issued in 2000.

7.  In 2004 I filed the application which became the '616 patent.  At that time, Storus continued to sell both original and the newer product designs, including the Smart Money Clip Lite (made of injection-molded plastic) and the Smart Money Clip Leather (made of leather).  Attached hereto as Exhibit 3 are true and correct images of these designs.

8. I began designing the Smart Money Clip II design in 2010, as another implementation of the invention of the '616 patent. Attached hereto as Exhibit 4 is a true and correct copy of some of my design drawings from 2010 and 2011.

9. We first sold the Smart Money Clip II design in 2011, and sold over 1000 units after its introduction.

10. Attached hereto as Exhibit 5 is a true and correct image of Defendant's product "The Ridge Wallet." Defendant's product is a nearly indistinguishable copy of our Smart Money Clip II design. The Ridge Wallet also plainly infringes our '616 patent. Attached hereto as Exhibit 6 is a true and correct copy of our claim chart demonstrating patent infringement.

11. My understanding is that "The Ridge Wallet" was originally a Kickstarter project, and I understand Defendant uses social media quite effectively in selling its products. But Defendant has obtained no patents for its designs, likely because it has not invented anything; instead, Defendant simply copied our design and has been very good at selling its infringing products.

12. As mentioned hereinabove, Storus has been selling its Smart Money Clip II design for nearly 10 years. During that time, we have invested at least $25,000 in advertising the product, and have significant sales despite the infringement by competitors. Defendant's nearly identical infringing design itself demonstrates that there was intentional copying

13. Consumers recognize the distinctive trade dress embodied in the uniqueness of our Smart Money Clip II design. For example, feedback from consumers has included confusion between our design and the designs sold by competitors including Defendant. The similarity between our trade dress and Defendant's identical design—down to the look, number and placement of the rivet screws—is evident to any reasonable observer. Our goods and marketing channels also are identical, in that we both sell mainly online via e-commerce. The likely

degree of purchaser care is relatively low, given that our products sell for well under $100. Finally, the Defendant clearly adopted its identical design to capitalize not only on my inventions, but on the goodwill and marketing success of MBI and Storus.

14. Concerning irreparable harm, of course Storus faces irreparable harm to our brand reputation and goodwill if a preliminary injunction does not issue. We have invested significant time, money and effort in promoting the Storus Smart Money Clip II trade dress, through specific and controlled avenues such as social media campaigns and product placement. We have earned media attention for the trade dress as well, and we have a loyal customer following online and on TV. Storus seeks to carefully control the supply of its Smart Money Clip II product, which efforts are irreparably damaged when the marketplace is flooded with an identical, infringing design from Defendant. The actual confusion among consumers also constitutes harm which cannot be easily undone, if ever. In sum, Storus has built a specific reputation around the Smart Money Clip II trade dress, with all of the commensurate intangible (and irreparable, once infringement occurs) benefits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would competently do so.

Executed on this 19th day of June 2020 at Alamo, California.

By: _____

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

/s/ Stephen M. Lobbin