Jonathan Pearce, Cal Bar. No. 245,776
jpearce@socalip.com
Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Brian S. Tamsut, Cal. Bar No. 322,780
btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Defendant and Counterclaimant The Ridge Wallet LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Mosaic Brands, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>The Ridge Wallet LLC,<br><br>    Defendant.<br><br>And Related Counterclaim | No. 2:20-cv-04556-AB-JC<br><br>Ridge's Memorandum of Points and Authorities in Reply to Mosaic's Opposition to Summary Judgment Motion<br><br>Date:   Friday, April 23, 2021<br>Time:  10:00 a.m.<br>Judge:  Birotte |

TABLE OF CONTENTS

A.  Introduction ...................................................................................................1

B.  Argument .......................................................................................................2

    1.  Mosaic cannot have trade dress rights because it has no evidence of its sales or the amount and content of its advertising. .....................................2

    2.  Mosaic lacks any supporting evidence it did not abandon any trade dress rights it claims to have had. ................................................................3

    3.  Scott Kaminski's declaration without corroborating evidence raises no genuine issue of material fact to refute Ridge's evidence. .........................4

    4.  Mosaic's testimony contradicting its Rule 30(b)(6) witness's testimony should be disregarded ................................................................6

5. Mosaic's raises no genuine issue of material fact regarding its required proof of secondary meaning. ...................................................................7

6. Laches from Mosaic's delay in suing on its trade dress claim bars the claim. .............................................................................................................10

7. Mosaic failed to meet its burden demonstrating a need for additional discovery. ...........................................................................................................10

8. The opposition submits no facts to overcome the statutory presumption that Mosaic's wallet design trade dress is anything but functional. .........................................................................................................12

9. Mosaic's argument regarding likelihood of confusion is immaterial. .............14

C. Conclusion ...................................................................................................14

**TABLE OF AUTHORITIES**

**Cases**                                                                                                               **Page(s)**

*Amusement Art, LLC v. Life is Beautiful, LLC,* No. 14-cv-8290-DDP-JPR, 2016 WL 6998566 (C.D. Cal Nov. 29, 2016), *aff'd in part*, 768 Fed. Appx. 683 (9th Cir. 2019) ........................................................................... 6

*Apple Inc. v. Samsung Elecs. Co.,* No. 11-1846 (N.D. Cal. July 27, 2012) ............. 13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................... 1, 5, 7, 14

*Contl. Lab. Prod., Inc. v. Medax Int'l, Inc.*, 114 F. Supp. 2d 992 (S.D. Cal. 2000) ................................................................................................................ 8, 9

*Electro Source, LLC v. Brandess-Kalt-Aetna Grp., Inc.*, 458 F.3d 931 (9th Cir. 2006) ........................................................................................................ 4

*eMachines, Inc. v. Inc. v. Ready Access Memory, Inc.,* No. 00-cv-374-VAP-EE, 2001 WL 456404 (C.D. Cal. Mar. 5, 2011) ............................................ 3

*Express, LLC v. Forever 21, Inc.*, No. 09-cv-4514 ODW, 2010 WL 3489308 (C.D. Cal. Sept. 2, 2010) ..................................................................... 9

*Filipino Yellow Pages, Inc. v. Asian Journal Publ., Inc.*, 198 F.3d 1143 (9th Cir. 1999) ..................................................................................................... 5-6

*First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378 (9th Cir. 1987) .................. 3

*FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168 (9th Cir. 1997) ............. 1, 9, 10

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837 (9th Cir. 1987) ............ 8

*Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 391 F.3d 1088 (9th Cir. 2004) ......... 10

*Halloway Cleaners & Laundry Co. v. Cent. Nat'l. Ins. Co. of Omaha, Inc.*,
  219 F. Supp. 3d 996 (C.D. Cal. 2016) .................................................... 10, 11

*Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866 (9th Cir.
  2002) ............................................................................................................... 5

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 836–37 (9th Cir.
  2002) ............................................................................................................. 10

*Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352 (9th Cir. 1985) ...................... 2

*Levi Strauss & Co. v. GTFM, Inc.*, 196 F. Supp. 2d 971 (N.D. Cal. 2002) .............. 3

*Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157 (Fed. Cir. 2006) ............................ 5

*Mercado Latino, Inc. v. Indio Prods., Inc., No.* 13-1027-cv-VDD, 2018 WL
  3490752 (C.D. Cal. July 17, 2018) ......................................................... 8, 11

*Plumley v. Mockett*, 836 F. Supp. 2d 1053 (C.D. Cal. 2010) ................................... 5

*Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677 (9th Cir. 2012) ........ 14

*Self-Realization Fellowship Church v. Ananda Church of Self-Realization*,
  59 F.3d 902 (9th Cir. 1995) ......................................................................... 6

*Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217 (9th Cir. 1996), *as
  modified*, 97 F.3d 1460 (9th Cir. 1996) ....................................................... 2

*Sutton v. Williamsburg Winery, Ltd.,* No. 2:12-cv-333-GEB-EFB, 2013 WL
  534812 (E.D. Cal. Sept. 23, 2013) ............................................................... 4

*Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778 (9th Cir. 2002) ..................... 12, 13

*Tillamook Cty. Smoker, Inc. v. Tillamook Cty. Creamery Ass'n*, 465 F.3d
  1102 (9th Cir. 2006) ................................................................................... 10

*Traffix Devices v. Mktg. Displays*, 532 U.S. 23 (2001) ....................................... 1, 7

**Statutes**

15 U.S.C. § 1125 ............................................................................................... 1, 12

15 U.S.C. § 1127 ................................................................................................ 2, 3

**Rules**

Fed. R. Civ. P. 12 ......................................................................................... 5, 7, 12

Fed. R. Civ. P. 30 ....................................................................................... 1, 6, 7, 14

Fed. R. Civ. P. 56 ..................................................................................................... 1

**Other Authorities**

J.T. McCarthy, *McCarthy on Trademarks* (5th ed.) ............................................. 2, 3

## A. INTRODUCTION

"A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). But Scott Kaminski's declaration, ECF 103–3, Mosaic's only attempt to introduce evidence, is such a conclusory, self-serving declaration. Though is attaches exhibits, none supports non-functionality or secondary meaning.

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The only facts are those Ridge introduced because Mosaic submitted no contrary, admissible evidence. The opposition merely cites Mosaic's pleadings, but "Rule 56(e) … requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. It also offers Scott Kaminski's declaration of the broad subjects on which Mosaic "will testify" at trial, but it states no corroborated facts. And many of these broad subjects contradict testimony from Mosaic's Rule 30(b)(6) witness, Mia Kaminski, whose relevant deposition transcripts are exhibits to Ridge's motion.

The opposition ignores the burdens of proof Mosaic has. It must show its trade dress is nonfunctional. 15 U.S.C. § 1125(a)(3). It must establish secondary meaning because it claims its wallet's configuration is its trade dress,. *Traffix Devices v. Mktg. Displays*, 532 U.S. 23, 28 (2001). But the Rule 30(b)(6) witness could did not know how many of the wallet Mosaic sold and how much it advertised during any year from 2011 to 2019.

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at

322–23. Ridge's evidence supports summary judgment, and Mosaic offers nothing in response.

B. **ARGUMENT**

   **1. Mosaic cannot have trade dress rights because it has no evidence of its sales or the amount and content of its advertising.**

Trademark rights and by extension, trade dress rights, require *use* to identify and distinguish its goods from those manufactured by others. 15 U.S.C. § 1127. *See also* J. Thomas McCarthy, *Trademarks and Unfair Competition* § 3:8 (5th Ed.) Trade dress rights, like all other trademark rights are based upon "use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996), *as modified*, 97 F.3d 1460 (9th Cir. 1996).

The Exhibit 4 sketches to Scott Kaminski declaration tries to show he "invented" the wallet in 2010. The sketches do not show the wallet, but if they did, it is irrelevant. Merely being the first creator does not establish trade dress rights especially when nobody other than Mr. Kaminski saw his ten-year-old, hand-drawn pieces of paper. With corroborating evidence, Mosaic might use the sketches for other purposes, but they have no value to support the public associates its wallets' configuration with a particular source, a prerequisite for trade dress protection. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) (describing secondary meaning as "the mental association by a substantial segment of consumers and potential consumers between the alleged mark and a single source of the product.").

Exhibit 7 to the Kaminski Declaration (invoices showing sales of 377 wallets in 2011) is Mosaic's only corroborating evidence for selling anything, but neither the invoices nor any other document picture what Mosaic sold. The statement, "We sold many units of the product at the show directly from our exhibit booth, and following the show we sold many more …. In 2011 and in the years following, we sold over

1000 units.," Kaminski Decl. ¶¶ 14, 15, is meaningless. No documents show what Mosaic sold in 2011 "and the years following."

### 2. Mosaic lacks any supporting evidence it did not abandon any trade dress rights it claims to have had.

Even if Mosaic sold the wallet embodying the design, any trade dress rights expired with non-use. "Nonuse for 3 consecutive years shall be prima facie evidence of abandonment." 15 U.S.C. § 1127. With documentary evidence from the Wayback Machine, Ridge proved from 2011 until 2019, about eight years, Mosaic advertised no wallets on the Internet, especially the wallet it claims as its trade dress. Mosaic submitted no contrary evidence. It claims to have sold to retailers but submitted no documents to and from them. More important, since the retailers are the potential advertisers, Mosaic's failure to submit retailers' advertising is fatal because it must show the advertisements' content. *See First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1383 (9th Cir. 1987) (despite millions of dollars in advertising, without the advertising telling customers the product identifies the plaintiff, the advertising is irrelevant); *See also* J.T. McCarthy, *McCarthy on Trademarks* § 8:8.50 (5th ed.) (explaining advertising only containing pictures of the claimed trade dress without calling attention to a plaintiff is insufficient).

Mosaic does not even argue it has any other evidence of use. Opp. at 13-14 (only citing evidence that Mosaic is a two-person company). Instead, Mosaic offers legal argument that the burden falls on Ridge to *prove* that Mosaic abandoned. This is incorrect. After Ridge raised abandonment and provided evidence of three years of non-use, the burden shifted to Mosaic to introduce evidence to refute the prima facie case of abandonment. *Levi Strauss & Co. v. GTFM, Inc.*, 196 F. Supp. 2d 971, 976 (N.D. Cal. 2002). Mosaic had to "produce evidence of either actual use during the period in question or intent to resume use." *eMachines, Inc. v. Ready Access Memory, Inc.*, No. 00-cv-374-VAP-EE, 2001 WL 456404, at *5 (C.D. Cal. Mar. 5, 2011).

Mosaic did neither. It offers only an uncorroborated assertion by Scott Kaminski that "[i]n 2011 and in the years following, [Mosaic] sold over 1000 units" and mentions nothing about intent in the mid-2010s to resume use. Kaminski Decl. ¶ 15. Mosaic's bare assertion "to overcome a presumption of abandonment arising from non-use by simply averring a subjective affirmative 'intent not to abandon'" is inadequate to rebut the statutory presumption of abandonment. *Electro Source, LLC v. Brandess-Kalt-Aetna Grp., Inc.*, 458 F.3d 931, 937 (9th Cir. 2006); *see also Sutton v. Williamsburg Winery, Ltd.*, No. 2:12-cv-333-GEB-EFB, 2013 WL 534812 at *3 (E.D. Cal. Sept. 23, 2013) (granting summary judgment as to abandonment of a trademark because a self-serving affidavit that the mark was used in commerce was inadequate to raise a genuine issue of material fact).

### 3. Scott Kaminski's declaration without corroborating evidence raises no genuine issue of material fact to refute Ridge's evidence.

Ridge's opening brief stressed Mosaic's lack of documentary or other corroborating evidence. Mosaic has no contemporaneous image or third-party corroboration even that its 2011 wallet is the one on which it claims is a protected trade dress. Instead Mosaic only relies on the Kaminski declaration. Its exhibits offer no support. Exhibit 1 shows a current advertisement. The sketches from Exhibit 4 are dated from 2011, but the date is not corroborated by documents or a disinterested witness, and no sketch shows the wallet Mosaic claims to have sold. Exhibits 3 and 9 show other Mosaic wallets. Exhibits 6, 8 and 10 show Ridge wallets. Exhibit 2 is the '616 patent. Exhibit 7 contains the 2011 invoices, and Exhibit 11 is Ridge's interrogatory responses.

Mosaic's Exhibit 5 is said to be the wallet it sold in 2011, but the photograph is not dated. If Mr. Kaminski tried to use the undated photographs to establish a 2011 date of invention, he would fail. "While the requirement of corroboration exists to prevent an inventor from describing his actions in an unjustifiably self-serving

manner," "[e]ven the most credible inventor testimony is a fortiori required to be corroborated by independent evidence," *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1171-72 (Fed. Cir. 2006).

But other than Mr. Kaminski's declaration and even if the photograph's 2011 date is believable, no evidence supports Mosaic selling that model wallet then or in any later year.

Mr. Kaminski's allegation in a complaint might survive a Rule 12 motion, but a summary judgment opposition demands Mosaic produce admissible evidence raising a genuine issue of material fact. *Celotex*, 477 U.S. at 322–23 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *see also Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1066 (C.D. Cal. 2010) (moving party "need only give notice to the party with the burden of proof that it must come forward with all of its evidence.").

Instead of introducing documentary or other corroborating evidence of use of the trade dress from 2011 to 2019 or of secondary meaning such as sales invoices, advertising expenditure summaries, actual images of advertisements, testimony of the consuming public, or consumer surveys, Mosaic offers uncorroborated testimony of one of its principals. Mr. Kaminski even fails to explain why Mosaic did not obtain documents from its manufactures, retailers or customers. It also offers no excuse for failing to depose them.

Self-serving declarations asserting secondary meaning are particularly disfavored because an interested party can provide no meaningful guidance regarding the state of mind of the relevant consuming public. *Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 874 (9th Cir. 2002) (rejecting evidence of secondary meaning from the plaintiff and parties with personal relationships with the plaintiff); *Filipino Yellow Pages, Inc. v. Asian Journal Publ., Inc.,* 198 F.3d 1143, 1152 (9th Cir. 1999) (finding that self-interested testimony of the plaintiff is "insufficient to

Ridge's Reply to Opposition to Summary Judgment Motion — 5 — Mosaic Brands, Inc. v. The Ridge Wallet LLC 2:20-cv-04556-AB-JC

establish secondary meaning so as to withstand summary judgment."); *Self-Realization Fellowship Church v. Ananda Church of Self-Realization,* 59 F.3d 902, 910 (9th Cir. 1995) (holding declarations from a trademark plaintiff's employees and wholesalers had "little probative value regarding the assessment of consumer perception" because "trademark law is skeptical of the ability of an associate of a trademark holder to transcend personal biases to give an impartial account of the value of the holder's mark" and because those views "do not reflect the views of the purchasing public.").

The only evidence comes from Ridge and shows Mosaic was not using the trade dress from 2011 to 2019. Even if Mosaic's evidence it shredded in 2013 and 2016 could support Mosaic here, Mosaic eschewed obtaining it from other sources. Pearce Decl. ¶¶ 17, 22; Ex. D, 43:9–15,73:10–18, 73:23–74:19, 100:15–114:7; Ex. G (Kaminski Feb. 5, 2021, Rule 30(b)(6) depo.), 71:4–15, 97:10–22; Exs. H, L–P. Because self-interested testimony cannot raise a material issue of fact, Mosaic lacks the evidence to cannot refute Ridge's evidence.

### 4. Mosaic's testimony contradicting its Rule 30(b)(6) witness's testimony should be disregarded

Mosaic offered its CEO Mia Kaminski as an individual witness on November 17, 2020 (Ex. D) and as its Rule 30(b)(6) witness on February 5, 2021 (Ex. G). Mosaic now tries to contradict he testimony with that of her husband, Scott Kaminski. This is improper. Specifically, "[w]here the nonmovant in a motion for summary judgment submits an affidavit which directly contradicts an earlier Rule 30(b)(6) deposition, the movant relied upon and based its motion on the prior deposition, courts have disregarded the later affidavit." *Amusement Art, LLC v. Life is Beautiful, LLC*, No. 14-cv-8290-DDP-JPR, 2016 WL 6998566, at *11 (C.D. Cal Nov. 29, 2016), *aff'd in part*, 768 Fed. Appx. 683 (9th Cir. 2019) (unpublished) (further noting that "as

with any other litigant, the 30(b)(6) witness faces the same uphill battle of explaining to a trier of fact any retraction or qualification of a prior admission").

Ms. Kaminski testified repeatedly she could not remember how many sales of product embodying the trade dress were made each year from 2011 to 2019 (Ex. D, 73:23–74:19). She also testified Mosaic did not track what it spend advertising (Ex. G, 71:4–15). The tiny number of sales alleged in Mr. Kaminski's declaration, "over 1000 units" in 2011 and the years following (Kaminski Decl. ¶ 15), and its spending "at least $25,000 in advertising," is compelling evidence Mosaic has no secondary meaning.

Mosaic goes further. It suggests there are facts yet to be discovered , Mosaic asserts that Scott Kaminski, will "testify at trial—in detail and with unimpeachable credibility" about points raised by Ridge. Opp. at 6, 9 and 13. Discovery is closed.

**5. Mosaic's raises no genuine issue of material fact regarding its required proof of secondary meaning.**

Secondary meaning is necessary to protect trade dress for product designs. *Traffix Devices v. Mktg. Displays,* 532 U.S. 23, 28 (2001). Mosaic's uncorroborated and self-serving testimony about secondary meaning cannot raise a genuine issue of material fact. But Ridge still addresses each Mosaic secondary meaning argument

Mosaic first points to the Court's denial (ECF 81) of Ridge's last Rule 12 motion (ECF 70) as satisfying Mosaic's evidence-based requirements at the summary judgment stage. Opp. at 7–9. Just because a complaint's allegation might be "plausible" does not satisfy the opposition to summary judgment standard. *Celotex*, 477 U.S. at 324 (holding opposing summary judgment "requires the nonmoving party to go beyond the pleadings and by her own affidavits … designate "specific facts showing that there is a genuine issue for trial."). Merely reciting its claims and asserting they are plausible is not evidence.

Without pointing to evidence in opposition, Mosaic states "[A]t trial, Storus would present to the jury, these same facts and more …." Opp. at 9. Now is when Mosaic had to present those facts, but it failed. Mosaic really asks the Court to bear with it while it develops associated evidence, an admission Mosaic has no evidence. Mosaic also mentions documents it would "include" at trial. If the evidence exists, its opposition was its chance to submit it.

Mosaic mentions its failure to seek any discovery from Ridge until the day before the discovery closed as why it cannot support its own secondary meaning. Opp. at 9. But any evidence of Mosaic's alleged secondary meaning would come from it, not from Ridge.

Perhaps Mosaic might try to show Ridge copied Mosaic's design. Even if true, it does not help Mosaic. Intentional copying is acceptable because one might copy for many reasons, including functionality. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837 (9th Cir. 1987). Copying alone as proof of secondary meaning is circular logic because without demonstrating secondary meaning first any evidence the copyist copied to trade on plaintiff's goodwill does not support secondary meaning. *Mercado Latino, Inc. v. Indio Prods., Inc.*, No. 13-1027-cv-VDD, 2018 WL 3490752, at *5 (C.D. Cal. July 17, 2018) (granting defendants motion for summary judgment on trade dress infringement even in the face of an alleged "striking similarity" between two products, because copying alone is insufficient basis for secondary meaning, particularly in product configuration cases); *Contl. Lab. Prod., Inc. v. Medax Int'l, Inc.*, 114 F. Supp. 2d 992, 1009 (S.D. Cal. 2000) ("To derive secondary meaning from deliberate copying, the court must forge a circular chain of inferences: (1) the plaintiff's product mark or design has secondary meaning; (2) the defendant knew about this secondary meaning; (3) the defendant copied the mark or design to exploit this secondary meaning and confuse consumers; and (4) thus the mark or design has secondary meaning.") Thus, "many courts have refused to infer secondary meaning

from mere intentional copying" because "intentional copying supports a finding of secondary meaning only where the defendant intended to confuse consumers and pass of its product as the plaintiff's." *Id*. at 1010. Since Mosaic has no evidence of any existing secondary meaning or corroborating evidence it used trade dress for nearly a decade, its claim it can conjure evidence from Ridge is untrue.

Finally, Mosaic offers two paragraphs of legal argument, Opp. at 10–11, without evidence supporting secondary meaning. It says it "will provide its own and Ridge's testimony." Too late. The opposition was the time to offer evidence of secondary meaning, not mere attorney argument. It also claims Ridge's mention of Mosaic's invoices of 377 sales is an admission, "Ridge does not dispute Storus' evidence of significant initial sales of the SMCII trade dress in 2011–2012 …." Opp. at 9. No Ridge made no such admission.

Ridge disputes these sales are of a wallet embodying the claimed trade dress because Mosaic has no contemporaneous images or advertising of these wallets. This cannot raise a genuine issue of material fact. *FTC*, 104 F.3d at 1171. Mosaic next characterizes the 377 sales as "significant initial sales" in 2011 and 2012. Fewer than 400 sales is insignificant, minuscule and inadequate for secondary meaning. *See Express, LLC v. Forever 21, Inc.*, No. 09-cv-4514 ODW, 2010 WL 3489308, at *8 (C.D. Cal. Sept. 2, 2010) (finding 17,000 sales over five months was inadequate time and sales to establish secondary meaning).

Mosaic then baldly argues so-called facts related to sales, exclusive use, advertising expenditures, early sales and inventorship but cites nothing in support. Opp. at 10–11. Mosaic does not even point to Mr. Kaminski's declaration in support, not that it would assist. Without documentary evidence, bald assertions cannot raise a genuine issue of material fact.

### 6. Laches from Mosaic's delay in suing on its trade dress claim bars the claim.

Mosaic incorrectly argues Ridge has the burden to prove laches. By Ridge showing Mosaic waited more than the four-year limitation period, laches is presumed. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 836–37 (9th Cir. 2002); *Tillamook Cty. Smoker, Inc. v. Tillamook Cty. Creamery Ass'n*, 465 F.3d 1102, 1108 (9th Cir. 2006). The burden shifted to Mosaic and it failed to meet it.

Ridge began sales in 2013, which continues through today. Ridge cited to evidence of its sales, the volumes of those sales, and the extent of its advertising. *See* Mot. at 4, Kane Decl. at ¶¶ 2–3, 9–11, 22–24; Exs. 3, 4. The opposition's rebuttal is only five lines and only cites Kaminski Decl. (¶¶ 18–19) Self-serving declarations raise no genuine issues of material fact. *FTC*, 104 F.3d at 1171. Mosaic argues that it did not know of Ridge until 2019, but "[c]ompanies expecting judicial enforcement of their marks must conduct an effective policing effort." *Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 391 F.3d 1088, 1102 (9th Cir. 2004) (citation omitted). A failure to know the market or to police the marketplace is no excuse.

### 7. Mosaic failed to meet its burden demonstrating a need for additional discovery.

Mosaic argues this motion should be denied or delayed as premature, pointing to Ridge's March 31, 2021, document production and interrogatory responses, two days before the close of discovery. Opp. at 3. For this proposition, Mosaic quotes sparsely from *Halloway Cleaners & Laundry Co. v. Cent. Nat'l. Ins. Co. of Omaha, Inc.*, 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016), without citing the requirements for the request of such a delay.

To support such a denial or delay of a motion for summary judgment, "the party requesting such relief must establish: (1) specific reasons why the alleged evidence was not discovered or obtained earlier in the proceedings ('good cause'); (2)

specific facts it hopes to elicit from additional discovery; (3) that the facts sought actually exist; and (4) that these sought-after facts would overcome the opposing party's Motion for Summary Judgment." *Id.* at 1004. Mosaic's evidence and arguments satisfy none.

Regarding (1), Mosaic's need for delay, Mosaic relies on its counsel Stephen Lobbin's declaration, but the declaration offers no reasons why Mosaic failed to seek the evidence earlier. Mosaic delayed serving discovery until March 1, 2021. Mr. Lobbin acknowledges this because Ridge provided its responses "two days ago" (as of his April 2, 2021 declaration) on March 31, 2021. Ridge neither was late, dawdled responding nor sought an extension to provide the requested documents and responses.

Mosaic is the sole source for the delay. Discovery opened on August 25, 2020 and closed on April 2, 2021. Mosaic served no discovery on Ridge until March 1, 2021, 31 days before discovery closed. Mosaic likewise pushed back the planned deposition of Mr. Kane from a proposed April 2 to April 16 (Lobbin Decl. Ex. 1). Mosaic has no excuse for its own repeated delay.

Regarding (2), the specific facts Mosaic hopes to elicit, Mr. Lobbin mentions none. Instead, he provides a laundry list of elements of claims or defenses with no specificity. Lobbin Decl. at ¶¶ 4–6. This is not the specificity required by *Halloway Cleaners*. In addition, these elements he mentions should be Mosaic's possession, not Ridge's. Even if true, proof of Ridge's copying would raise no genuine issue of material fact. *Mercado Latino*, 2018 WL 3490752, at *5. Mr. Lobbin also claims to want evidenced to support likelihood of confusion Lobbin Decl. at ¶ 5. Ridge's summary judgment motion does not raise lack of likelihood of confusion because Mosaic has no protectable trade dress. Likelihood of confusion is irrelevant.

Regarding (3), the facts exist or (4), the evidence would overcome Ridge's motion, Mosaic offers nothing.

**8. The opposition submits no facts to overcome the statutory presumption that Mosaic's wallet design trade dress is anything but functional.**

Though Mosaic has the statutory burden to prove its trade dress is not functional, 15 U.S.C. § 1125(a)(3), Ridge's evidence also demonstrated Mosaic's trade dress is functional. For functionality, the burden begins with Mosaic, because product configurations are presumed functional. *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 785 (9th Cir. 2002) (citation and internal quotation marks omitted). Mosaic's first two pages of argument refer to the denial of Ridge's last Rule 12 motion, which is beside the point.

The Kaminski declaration fails to help Mosaic. For the first feature, rounded edges, he alleges with no evidence or elaboration, "[T]he rounded edges of the SMCII design, for example, yield no utilitarian advantage over alternative edge shapes, no advertising touts the rounding as utilitarian, and the design is not especially simple or inexpensive to manufacture." Kaminski Decl. ¶ 30. This controverts common sense and Mosaic's '616 patent, which states, "The exterior surfaces of the [wallet] assembly are rounded and smooth to prevent snagging to a surface when in use." Motion Ex. S, 1:66–2:1. "[T]he exterior surfaces of the device 10 [wallet], in panels 20 and 22 and in the money clip 24 are rounded to provide a smooth exterior surface. Also, the ends and sides of the device are comfortably rounded to provide an esthetic appearance and comfortable feel when the card holding and money clip device 10 is used." *Id.*, 4:66–5:4. Mosaic does not try explaining these admissions away because it cannot.

The Kaminski declaration uses similar language to allege the notch is not functional, but he fails to explain away Mosaic's advertising hyping function, "The outside notch allows you to push out the cards easily" Motion Ex. R. p. 1. The Kane declaration, ¶¶ 15, 16, explained why Ridge uses seven screws, but the Kaminski declaration, ¶ 30, neither references the Kane declaration nor explains he is wrong. Mr.

Kaminski merely states his conclusion "of the seven visible rivets provides no utilitarian advantage over different arrangements which could be used." It is a legal conclusion, not a fact.

The Kaminski declaration uses similar language for the next element, the money clip. The Kane declaration, ¶ 19, states the clip must exert enough force to hold money, and the raised end enables users to easily insert currency. Mosaic has no evidence why Mr. Kane is wrong. It also fails to mention its advertising calling the clip's shape "traditional," Ex. T, p. 9, or stating "The tapered design allows the Smart Wallet to slide in and out of a pocket without ripping or tearing the fabric." Motion Ex. R, p. 3.

The Kaminski declaration offers no facts to contradict admissions in Mosaic's advertising that carbon fiber is functional because it "is ultra light…" and "RFID blocking material"). Motion Ex. I, p. 5, Ex. R, p. 3. "The Smart Wallet is made out of carbon fiber RFID blocking material. It has a dual inner plate design to protect valuable credit cards, IDs and Information from scanner fraud and theft." Ex. R, p. 3. Mosaic admits that carbon fiber is known for being strong and light because it "is frequently used on aircraft and sports cars for its light weight and durability …."). Its argument now is Ridge's wallet does not travel at supersonic speed. Still, Mosaic does not advertise carbon fiber for high-speed use; it advertises ultra light and RFID blocking, both functions.

Mosaic argues trade dress must be considered as a whole, citing *Apple Inc. v. Samsung Elecs. Co.,* No. 11-1846, at *24 (N.D. Cal. July 27, 2012), because "picking apart" Mosaic's trade dress elements as functional is inappropriate. Mosaic's citation is incomplete, and Ridge could not locate the case after searching Westlaw and Pacer.

This argument also is irrelevant. *See Tie Tech*, 296 F.3d at 786, which denied trade dress protections because "'the whole is nothing other than the assemblage of functional parts,' our court has already foreclosed this argument, holding that 'it is

semantic trickery to say that there is still some sort of separate "overall appearance" which is non-functional.'" "Since at least some (and in this case significant) utilitarian advantage stems from the visual appearance, the presumption of functionality remains intact." *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 680 (9th Cir. 2012). The burden remains on Mosaic to offer evidence that its design is not functional, but it offered only legal argument in response.

### 9. Mosaic's argument regarding likelihood of confusion is immaterial.

Mosaic argues likelihood of confusion, an issue Ridge did not raise. Mosaic has no trade dress to be confused because it was not using its alleged trade dress for eight years, the trade dress lacks secondary meaning, Mosaic's claims are barred by laches and the claimed trade dress is functional, likelihood of confusion becomes irrelevant. "[T]here can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 323

## C. CONCLUSION

Ridge infringes no Mosaic trade dress because Mosaic has nothing protectable. Mosaic cannot show secondary meaning because it has no evidence of sales or advertising including advertising telling customers its wallet identifies Mosaic, exclusive use and consumer surveys. Ridge could not have copied, and even if it had that would be immaterial without some other showing of secondary meaning by Mosaic. Mosaic's claimed trade dress also is functional. Mosaic offered no contrary evidence. Laches also bars the trade dress claim. Mosaic also cannot use a declaration to contradict its Rule 30(b)(6) witness's testimony.

Ridge requests the Court grant this summary judgment motion.

April 9, 2021

/s/ *Jonathan Pearce*
Jonathan Pearce
SoCal IP Law Group LLP

Attorneys for Defendant and Counterclaimant The Ridge Wallet LLC