Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street Suite 200
San Diego, CA 92037
Tel:   949.636.1391

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **Mosaic Brands, Inc.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**The Ridge Wallet LLC**, a California company,<br><br>Defendant. | Case No. 2:20-cv-04556-AB-JC<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PLAINTIFF'S REQUEST FOR SUMMARY ADJUDICATION OF INEQUITABLE CONDUCT**<br><br>Date: July 2, 2021<br>Time: 10:00 a.m.<br>Ctrm: 7B<br><br>Honorable André Birotte Jr. |

## NOTICE AND MOTION

PLEASE TAKE NOTICE that on July 2, 2021 at 10:00 a.m. before the Honorable André Birotte Jr., Plaintiff Mosaic Brands, Inc. d/b/a Storus ("Storus") respectfully *and conditionally* will move—pursuant to L.R. (C.D. Cal.) 7-18—for reconsideration of the Court's prior ruling that "[b]ecause the Court finds that the '808 Patent is anticipated by the SMCII, the Court does not consider . . . Plaintiffs motion for summary judgement as to inequitable conduct as moot." ECF

117 at 8.  Storus' Motion is **conditional** because Defendant The Ridge Wallet LLC ("Ridge") already has filed a reconsideration request following this Court's summary judgment rulings.  *See* ECF No. 118.  Only if the Court determines that reconsideration is warranted at all does Storus request reconsideration of the mootness ruling concerning the inequitable conduct issue, as explained herein.

This Motion is made following the L.R. 7-3 conference which took place on May 25, 2021, and is based upon this Notice and the Memorandum herein, the pleadings and other papers on file in this action, and such further evidence or argument as may be presented at or before the hearing of the Motion.

## MEMORANDUM IN SUPPORT

As this Court's Local Rule 7-18 requires:

> A motion for reconsideration of an Order on any motion or application may be made **only** on the grounds of (a) **a material difference in fact or law** from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of **new material facts or a change of law** occurring after the Order was entered, or (c) **a manifest showing of a failure to consider material facts** presented to the Court before the Order was entered.  **No motion for reconsideration may in any manner repeat any oral or written argument** made in support of, or in opposition to, the original motion.

*Id.* (emphasis added).  While Ridge's reconsideration request fails to meet this stringent standard,[1] the issue of "mootness" related to the inequitable conduct issue was an issue neither party briefed in their summary judgment motions.  For its part,

---

[1] Storus will timely file an opposition to Ridge's motion.

Storus did not address mootness because it did not wish to presume success on the issues of anticipation and invalidity of the '808 patent (though it was confident this Court would agree the '808 patent was anticipated and invalid). As such, the mootness issue represents "a material difference in . . . law from that presented to the Court" under L.R. 7-18.

Concerning mootness, certainly the Court is correct that there is no logical need to consider whether an already-invalid patent *also* is unenforceable via inequitable conduct. But the Federal Circuit has addressed the mootness issue in holding that district courts retain "an independent grant of jurisdiction under [35 U.S.C.] § 285 to consider inequitable conduct relating to [invalid or] withdrawn patents," for purposes of an eventual determination of fee-shifting. *See Monsanto Co. v. Bayer Bioscience*, 514 F.3d 1229, 1243 (Fed. Cir. 2008); 35 U.S.C. § 285 ("Attorney Fees"); *Rembrandt Techs. LP v. Comcast of Fla./Pa., LP*, 899 F.3d 1254, 1272 (Fed. Cir. 2018) ("Prevailing on a claim of inequitable conduct often makes a case 'exceptional' under § 285.") (quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc)); *see also Liebel-Flarsheim v. Medrad*, 481 F.3d 1371, 1383 (Fed. Cir. 2007) (although "presently moot," issue would be decided later where Medrad "plans to predicate an attorney fee application on inequitable conduct"). Therefore, the inequitable conduct issue remains in this case as a legal matter.

As a *practical* matter of judicial economy, it would be preferable to decide the issue now for several reasons. First, the Court just recently has reviewed the uncontroverted evidence supporting a finding of inequitable conduct. *See* ECF No. 108 at 4-8; ECF No. 116 at 1-4. Because the invalidity determination establishes "materiality" for purposes of inequitable conduct, the only remaining question is whether Ridge's "many, repeated failures to disclose [the same] material information to the Patent Office, and its failure to even involve a patent attorney in

the process," establishes "intent to deceive" as the "most reasonable inference able to be drawn from the evidence."  *See* ECF No. 108 at 8 (citing *Therasense*); ECF No. 116 at 3-4.  Waiting many months, or longer, until after final judgment to rule on inequitable conduct would not be nearly as efficient as deciding the issue now.  Second, a finding of inequitable conduct—as Storus has requested—inevitably would drive the parties together on a settlement and final resolution of this action.

      For each and all of the foregoing reasons, Storus respectfully requests that if reconsideration of any summary adjudication issue is entertained, this Court should reconsider Storus' request for summary adjudication of inequitable conduct, and grant it.

Respectfully submitted,

Dated:  June 3, 2021  **SML Avvocati P.C.**

By:  /s/ Stephen M. Lobbin
      Attorneys for Plaintiff

## PROOF OF SERVICE

I hereby certify that on June 3, 2021, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated:  June 3, 2021                         /s/ Stephen M. Lobbin