UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-04556 AB (JC) | Date: | July 1, 2021 |
|---|---|---|---|

| Title: | *Mosaic Brands, Inc. v. The Ridge Wallet LLC* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

| Proceedings: | **[IN CHAMBERS] ORDER REGARDING DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. NO. 118) AND PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 119)** |
|---|---|

On April 16, 2021, Plaintiff Mosaic Brands, Inc. ("Mosaic" or "Plaintiff") moved for summary judgement in its favor that U.S. Patent No. 10,791,808 ("the '808 Patent") is invalid and unenforceable for inequitable conduct. (Dkt. No. 108.) On May 20, 2021, the Court granted Plaintiff's motion on its invalidity defense and denied as moot its motion on its inequitable conduct defense. ("Order," Dkt. No. 117.)

Defendant and Counter-claimant The Ridge Wallet LLC's ("Ridge" or "Defendant") moved for the Court to reconsider its invalidity ruling. ("Def.'s Mot.," Dkt. No. 118.) Plaintiff filed an opposition. ("Pl.'s Opp'n," Dkt. No. 121; *see also* Dkt. No. 122 (corrected opposition).) Defendant filed a reply. ("Def.'s Reply," Dkt. No. 124.) Plaintiff moved for the Court to reconsider its inequitable ruling. ("Pl.'s Mot.," Dkt. No. 119.) Defendant filed an opposition. ("Def.'s Mot., Dkt. No. 122; *see also* Dkt. No. 125-1 (corrected opposition).) Plaintiff filed a reply. ("Pl.'s Reply," Dkt. No. 126.)

#
#

The Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The hearing set for July 2, 2021 is hereby **VACATED**. For the reasons stated below, the Court **DENIES** Defendant's motion for reconsideration on invalidity, **GRANTS** Plaintiff's motion to reconsider, and **DENIES** Plaintiff's motion for summary judgment on its inequitable conduct defense.

## I. BACKGROUND

On May 20, 2020, Plaintiff filed the initial complaint in this action, accusing Defendant of patent, trademark, and copyright infringement, as well as alleging an unfair competition claim. (*See generally* Dkt. No. 1.) Plaintiff filed the operative Third Amended Complaint ("TAC") on November 12, 2020, asserting only patent and trade dress infringement claims. (*See generally* Dkt. No. 66.) On January 21, 2021, Defendant filed its answer and counterclaimed that Plaintiff's Smart Money Clip II ("SMCII") infringes the '808 Patent. (Dkt. No. 84.) The '808 Patent, asserted by Defendant, is titled "Compact Wallet," and issued on October 6, 2020. The '808 Patent was filed on February 1, 2017 and claims priority to a now-abandoned application filed on May 7, 2015. Claim 1 of the '808 Patent recites:

> 1. A compact wallet, comprising:
> at least two rigid plates interposed to sandwich card-like contents there between, each rigid plate having a longitudinal extent;
> at least one encircling elastic band interposed with the at least two rigid plates along longitudinal extents thereof to bias them inwardly and securely hold the card-like contents while providing elastic volume there between for adding or removing contents;
> a channeling means configured to minimize the profile of the wallet and hold position of the at least one encircling elastic band with respect to each rigid plate while allowing freedom for the dynamic extension and contraction of the band over the entire running length thereof; and
> an auxiliary feature removably attached to at least one of the at least two rigid plates, the auxiliary feature having a tang insertable into a recess formed inside the at least two rigid plates, the tang having a hook, the hook extending at an angle to the tang, the hook engaging an undercut of the recess to prevent inadvertent dislodgement of the auxiliary feature from the recess,
> whereby, card-like contents may be carried with minimal silhouette on or with a person while allowing expandable capacity and ready access to individual contents from between the at least two rigid plates.

('808 Patent, Claim 1.)

\#
\#

On February 25, 2021, the Court issued a Claim Construction Order, construing terms in both Plaintiff's asserted patent and the '808 Patent. (*See* "Claim Construction Order," Dkt. No. 99.) On March 15, 2021, the parties filed a stipulation to dismiss Plaintiff's patent infringement claim with prejudice subject to Plaintiff's right to appeal the Claim Construction Order, which the Court granted. (*See* Dkt. Nos. 100, 101.) On April 16, 2021, Plaintiff moved for summary judgement in its favor on its invalidity and inequitable conduct defenses. (Dkt. No. 108.) On May 20, 2021, the Court granted Plaintiff's motion on its invalidity defense that Plaintiff's SMCII wallet anticipated the '808 Patent and denied as moot its motion on its inequitable conduct defense. (Dkt. No. 117.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A motion for reconsideration may only be made on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. Local Rule (L.R.) 7-18. Whether to grant a motion for reconsideration is committed to the sound discretion of the court. *Classical Silk, Inc. v. Dolan Group, Inc.*, No. 14-cv-9224-AB, 2016 WL 7637668, at *2 (C.D. Cal. Mar. 1, 2016) (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

A motion for reconsideration may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. A "mere attempt" by the moving party to reargue its position by directing the court to case law and arguments that it could have made earlier, but did not, defeats the purpose of a motion for reconsideration under Local Rule 7-18. *Mays v. Wal-Mart Stores, Inc.*, No. 18-cv-02318-AB, 2018 WL 6264991, at *2 (C.D. Cal. Oct 11. 2018) (quoting *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999)).

## III.   ANALYSIS

### A. Defendant's Motion

Defendant argues that the Court should reconsider its Order granting Plaintiff's invalidity defense because the Order "relied upon an incorrect understanding of law,

\#
\#

unknown to Ridge at the time of the Order, resulting in misapplication of the corroboration standard for Scott Kaminski's declaration and his exhibits." (Dkt. No. 118 at 1.) Specifically, Defendant asserts that "Federal Circuit precedent requires third-party corroboration" to prove that the SMCII wallet anticipates the '808 Patent. (*See id.* at 3.) Defendant also argues that "the Court misunderstood the relationship of the facts to the holding of the primary case relied upon in the Order, *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1351 (Fed. Cir. 2001)." (*Id.* at 1.) Neither of these reasons justifies reconsideration of the Court's Order. Rather, Defendant seeks to reargue its position that Plaintiff's documentary evidence was insufficient to corroborate Mr. Kaminski's testimony that the SMCII wallet was sold in 2011. For this reason alone, Defendant's motion is denied.

Additionally, the Court disagrees that Federal Circuit precedent requires third party corroboration. The law is clear that "corroboration is required of any witness whose testimony alone is asserted to invalidate a patent, regardless of his or her level of interest," *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1367 (Fed. Cir. 1999), and "[d]ocumentary or physical evidence that is made contemporaneously with the inventive process provides the most reliable proof that the *inventor*'s testimony has been corroborated." *See Sandt*, 264 F.3d at 1350-51 (emphasis added). There is also no "impossible standard of independence on corroborative evidence [] requiring [] every point [] be corroborated by evidence having a source totally independent of the witness." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1374 (Fed. Cir. 2010) (quoting *Knorr v. Pearson*, 671 F.2d 1368, 1374 (CCPA 1982)). Further, the Federal Circuit has on at least one occasion found that documentary evidence alone sufficiently corroborated an inventor's testimony. *See NFC Tech., LLC v. Matal*, 871 F.3d 1367, 1372 (Fed. Cir. 2017). Here, Plaintiff offered ample documentary evidence to corroborate Mr. Kaminski's testimony that the SMCII anticipated the claims of the '808 Patent and was sold in 2011, and Defendant does not challenge this evidence beyond speculating about the evidence's authenticity.

Defendant is also incorrect that the Court misread the facts of *Sandt*. As the Court stated in the Order, "unlike in *Sandt*, Defendant did not submit an affidavit from one of its customers to further corroborate Mr. Kaminski's testimony. But in *Sandt*, the third-party declaration was necessary to corroborate that the product sold actually contained the claimed limitations, whereas here there is no dispute that under either design, the SMCII product would anticipate the claims of the '808 Patent." (Dkt. No. 117 at 6 (citing *Sandt*, 264 F.3d at 1352).) In other words, the documentary evidence in *Sandt* alone was insufficient to corroborate each critical element of the inventor's testimony, so a third-party affidavit was necessary to fill in the gaps. In this case, Defendant does not argue that the documentary evidence fails to corroborate Mr. Kaminski's testimony that the SMCII was sold in 2011 and anticipated the claimed limitations of the '808 Patent besides asserting that the documents are inauthentic. Thus, the need for a third-party witness is unnecessary in this case.

Defendant's cited Federal Circuit's decisions regarding third-party corroboration are inapposite to the present case as each case dealt with the same situation: the documentary evidence alone failed to corroborate the inventor's testimony that the

\#
\#

inventor reduced the invention to practice prior to the critical date. In *Hahn v. Wong*, the court found that an inventor's notebook and two affidavits from the inventor's fellow employees stating that they read and understood the notebook before the critical date were insufficient to corroborate the inventor's testimony that he actually reduced the invention to practice before the critical date. 892 F.2d 1028, 1032-33 (Fed. Cir. 1989). In distinguishing the Court of Customs and Patent Appeals ("CCPA") decision in *Berges v. Gottstein*, the court stated, "Unlike the situation in *Berges*, where the Board had conceded that the claimed compound was as it was represented, here facts independent of the inventor's own assertions were needed to interpret the graphs. The two corroborative affidavits did not supply the missing information." *Id*. at 1033-34 (citing 618 F.2d 771, 775 (CCPA 1980)) (internal citations omitted). Thus, the court found the evidence did not corroborate the inventor's testimony regarding reduction to practice despite third party witness testimony.

Similarly, in *Medichem, S.A. v. Rolabo, S.L.*, the court found that an inventor's notebook, a non-inventor employee's notebook, and spectrum data were insufficient to corroborate an inventor's testimony that he reduced the claimed process to practice before the critical date. 437 F.3d 1157, 1170-1171 (Fed. Cir. 2006). As the Court held, "an unwitnessed notebook is insufficient on its own to support a claim of reduction to practice," noting "the standard of proof required to corroborate a reduction to practice [is] more stringent ... than that required to corroborate a conception." *Id*. at 1170 (quoting *Singh v. Brake*, 222 F.3d 1362, 1370 (Fed. Cir. 2000)). Nevertheless, the Court also noted "that no similar condition of 'corroboration' is imposed on an inventor's notebook, or indeed on any documentary or physical evidence, as a condition for its serving as evidence of reduction to practice"; rather, "Once properly admitted into evidence, documentary and physical evidence is assigned probative value and collectively weighed to determine whether reduction to practice has been achieved." *See id*. at 1169-70. There, the court found that the notebooks lacked credibility given that they were unsigned and unwitnessed among other reasons, and the spectrum data at most showed reduction to practice of the composition but not the claimed process for creating the composition. *See id*. at 1172-73.

Finally, the court in *Martek Biosciences Corp. v. Nutrinova* found that "while an abandoned patent application is evidence of conception, it is insufficient to corroborate testimony that an alleged prior inventor reduced the invention to practice." 579 F.3d 1363, 1375-76 (Fed. Cir. 2009). Specifically, the court found that an abandoned patent application and evidence of "post hoc replication of experiments cited in the abandoned application" were insufficient to corroborate the inventor's testimony that he reduced the claimed invention to practice prior to the critical date. *See id*. at 1375-76. Defendant's other cited cases dealt with the same issues. Thus, in each case cited by Defendant, the issue was whether the evidence sufficiently corroborated whether the inventor reduced the invention to practice irrespective of whether there was testimony from a disinterested witness.

As stated, Defendant does not raise a genuine dispute that the SMCII wallets were reduced to practice and sold prior to the effective filing date of the '808 Patent. The design specification and invoices both corroborate this fact and lack the same credibility

\#
\#

5

issues associated with the inventor's notebooks and abandoned patent application in Defendant's cited cases. Accordingly, Defendant's motion for reconsideration is **DENIED**.

### B. Plaintiff's Motion

Plaintiff argues that denying its inequitable conduct claim on grounds of mootness "represents 'a material difference in … law from that presented to the Court" because neither party argued that Plaintiff's inequitable conduct defense would be moot if the Court held the '808 Patent invalid. (*See* Dkt No. 119 at 2-3.) Plaintiff argues that its inequitable conduct defense is still relevant to its request for attorney's fees under 35 U.S.C. § 285 and as a "practical matter of judicial economy" the Court should decide the issue now. (*See id.* at 3-4.) The Court agrees that addressing Plaintiff's inequitable conduct defense now would help clarify certain issues with Plaintiff's defense.

The Court finds that there is a genuine dispute of material fact whether Defendant's failure to disclose the SMCII or this litigation constitutes inequitable conduct. "Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense Inc. v. Becton Dickinson and Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). The doctrine enforces a patent applicant's duty of candor to the Patent Office. *See* 37 C.F.R. § 1.56 ("Each individual associated with the filing and prosecution of a patent application has a duty of candor," including "a duty to disclose to the Office all information known to that individual to be material to patentability."). Inequitable conduct is sometimes characterized as consisting of three elements: (1) "the patent applicant made misrepresentations or omissions material to patentability," (2) the applicant "did so with the specific intent to mislead or deceive the [Patent Office]," and (3) "that deceptive intent was the single most reasonable inference to be drawn from the evidence." *Ohio Willow Wood Co. v. Alps S., LLC*, 813 F.3d 1350, 1357 (Fed. Cir. 2016). "[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Therasense*, 649 F.3d at 1290-91.

As stated above, the SMCII was material prior art to the '808 Patent that Defendant knew of and yet failed to disclose. Even assuming Plaintiff could not corroborate that the SMCII wallet was sold in 2011, Defendant's failure to disclose this litigation also satisfies the materiality element. MPEP § 2001.06(c) states, "Where the subject matter for which a patent is being sought is, or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the Patent and Trademark Office; such as, for example, evidence of possible prior public use or sales…." MPEP § 2001.06(c). The Federal Circuit has held that failure to disclose related litigation satisfies the materiality prong. *See Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1362 (Fed. Cir. 2010) ("Leviton violated the requirements of MPEP § 2001.06(c) and this Court's precedent by failing to bring these cases to the PTO's attention") (*citing Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1224 (Fed. Cir. 2007) (holding that it was not an abuse of discretion to find inequitable conduct based on the failure to disclose litigation of patents with similar subject matter to the unenforceable patents, stating, "It is clear from the language of § 2001.06(c) that the existence of the litigation itself is material information that an

\#
\#

examiner needs to have")). Further, "[t]he duty to disclose information … does not end when an application becomes allowed but extends until a patent is granted on that application." MPEP § 2001.04.

Plaintiff filed both Kaminski declarations asserting that Plaintiff sold the SMCII product in 2011 prior to August 31, 2020, the date the USPTO filed the notice of allowance for the '808 Patent. (*See* Dkt. No. 18-1 (filed June 19, 2020); Dkt. No. 26-1 (filed July 3, 2020); Dkt. No. 108-12 at 9–15.) Yet Defendant never informed the USPTO of this litigation or the SMCII product prior to the issuance of the '808 Patent on October 6, 2020. As Plaintiff emphasizes, Defendant also conceded that it never informed its patent prosecution counsel of the SMCII or the corroborating evidence submitted in this litigation. (*See* Dkt. No. 108 at 7-8 (*citing* Dkt. No. 108-11 at 49:16-50:3, 78:6-81:21).) Thus, Defendant's failure to disclose this litigation during the prosecution of the '808 Patent satisfies the materiality prong.

The Court is also not persuaded by Defendant's argument that *Therasense* changed the law regarding whether related litigation is material. Defendant argues that "*Therasense*, which was decided four years later, did not overrule *Nilssen*, but it did 'tighten' requirements," and thus Plaintiff has not shown that this litigation is material. (*See* Dkt. No. 115 at 7 (*citing Therasense*, 649 F.3d at 1287).) But Defendant does not explain how *Therasense* would change the outcome in either *Nilssen* or *Leviton*, and the Court does not read *Therasense* to change the analysis regarding MPEP § 2001.06(c). Accordingly, the Court finds that Plaintiff has met the materiality prong for its inequitable conduct defense.

Plaintiff has not shown that Defendant intended to deceive the USPTO, however. "In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a known material reference." *Therasense*, 649 F.3d at 1289 (citing *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)). "In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id*. Intent and materiality are separate requirements. *Id*. at 1290 (citing *Hoffmann–La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1359 (Fed. Cir. 2003)). "[A] district court may not infer intent solely from materiality." *Id*. "Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id*.

Plaintiff provides no evidence that Defendant made a deliberate decision to withhold either the evidence of the SMCII wallet or the litigation from the PTO during the prosecution of the '808 Patent. Instead, Plaintiff asks to Court to infer from Defendant's failure to disclose this information to the PTO and its patent prosecution counsel that it deliberately chose to withhold it. (*See* Dkt. No. 108 at 7-8.) This is the exact kind of inference the court in *Therasense* rejected.

Accordingly, the Court **GRANTS** Plaintiff's motion to reconsider and **DENIES** Plaintiff's motion for summary judgment on its inequitable conduct defense.
\#
\#

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for reconsideration, **GRANTS** Plaintiff's motion for reconsideration, and **DENIES** Plaintiff's motion for summary judgement as to inequitable conduct.

**IT IS SO ORDERED.**

\#
\#